IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

STEVE ISNER,                    ]
                                ]
        Plaintiff,              ]
                                ]
  .vs                           ]    No. 2:08-CV-
                                ]
MOUNTAIN EMPIRE OIL COMPANY,    ]
                                ]
        Defendant.              ]

## COMPLAINT

Plaintiff Steven Isner files his claims for relief for age discrimina-tion in employment and Family and Medical Leave Act discrimination against the defendant and avers:

1. The federal question jurisdiction provisions of 29 U.S.C. §1331 empower this Court to adjudicate the plaintiff's federal age discrimination and FMLA discrimination claims. The plaintiff's age discrimination claims are premised upon the provisions of the Age Discrimination in Employment Act (ADEA), codified at 29 U.S.C. §623 and §626. The plaintiff's Family and Medical Leave Act (FMLA) discrimination claims are premised upon the provisions of 29 U.S.C. §2612, §2614, §2615, and §2617.

2. The plaintiff is a white male fifty-one (51) years of age. He was born July 27, 1957. For seventeen years prior to his discriminatory discharge in October 2006, the plaintiff had been employed as a manager by Mountain Empire Oil Company as the store manager of its Roadrunner Market #109

located on South Wilcox Drive in Kingsport.

3. Mountain Empire Oil Company is a Tennessee corporation head-quartered in Johnson City, Tennessee. The defendant does business in Tennessee, Virginia, and North Carolina. Mountain Empire Oil Company operates Road-runner convenience store markets and supplies them with oil and gasoline products and food and drink items for sale. The defendant employs more than three hundred employees. The defendant is subject to the provisions of the ADEA and the FMLA. The company's registered agent for service of process is listed as Mr. Warren Broyles at 282 Christian Church Road, Johnson City, TN 37615.

4. The plaintiff worked the day shift at the Roadrunner Market alone. Ms. Danica Dishner, a lady in her mid-twenties, worked as the market's assistant manager during 2006 on the evening shift. The convenience market opened at 6:00 a.m. and closed at 11:00 p.m. each night.

5. Several months before it discharged the plaintiff, the defendant company hired John Kelly from the Sunoco organization as a vice president. Kelly in turn hired Sunoco's manager Rob Orfield to be the District Manger of several markets in the Kingsport area. Within a few months Kelly and Orfield began fabricating different reasons to discharge older market managers and employees and replacing them with younger persons.

6. The plaintiff's Roadrunner Market was one of the more reliably operated convenience markets in the company. It normally had "reasonable" inventory shortages. Between customer shoplifting and some employee theft, all the company's markets experienced inventory shortages.

7. During the late summer of 2006, the plaintiff's wife became extremely ill and required extensive medical treatment and surgery. The plaintiff took accrued vacation time off in order to care for her. Mr. Isner told the company management about his wife's medically-related reasons which

necessitated his absence from work.

8. During September 2006, the plaintiff missed approximately three weeks of work. The company assigned other employees to fill-in for the plaintiff. While the plaintiff was his assisting his wife, the defendant conducted a store audit and discovered a higher than normal inventory loss. The inventory shortage continued to increase while the plaintiff used his vacation time to care for his ill wife.

9. After the plaintiff returned to work, the company conducted a second audit for the month. The plaintiff does not know the names of the employees whom the company assigned to manage the market while he was attending to his ill wife.

10. District Manager Bob Orfield suspended the plaintiff in the last week of September. Orfield told the plaintiff on October 2, 2006 that the company was discharging him for "performance." Orfield gave no other explanation.

11. The plaintiff had never been warned, counseled, or told that he was in danger of being discharged for poor job performance prior to his taking FMLA-protected leave to care for his ill wife. The company immediately replaced the plaintiff with Danica Dishner, the young lady who had been the plaintiff's assistant store manager for five months. Ms. Dishner did not stay with the company and was replaced by another young lady in her thirties. At the time the plaintiff filed his age discrimination charges with the EEOC, the market's current manger was a younger male.

12. The defendant has later claimed that it discharged the plaintiff for "smoking." Supervisor Orfield did not tell Mr. Isner at the time that his "smoking" was the reason he was being discharged. The plaintiff avers that at the time of his discharge, the company did not have a published "no smoking" policy and that other market mangers and employees were allowed to smoke and

were not discharged.

13. The plaintiff avers that both alleged reasons for his discharge are pretextual. The plaintiff avers that he was more than forty years of age at the time of his discharge, that he was performing satisfactorily, that he had just returned from FMLA-protected leave, and that he was discharged and replaced by a series of much younger store managers. The plaintiff avers that his age was a substantial and motivating factor in his being discharged and that the defendant violated the ADEA. The plaintiff avers that the company's blaming him for "performance" issues which arose while he was on FMLA-protected leave and allegedly discharging him for inventory losses which were the responsibility of the substitutes who managed the market while he was attending his ill wife constitutes FMLA discrimination and retaliation as well as age discrimination.

14. At the time of his illegal discharge the plaintiff was earning approximately $30,000.00 a year, with bonuses. The plaintiff and his wife were also participants in the company's employee health insurance plan and the plaintiff was incurring medical expenses which would have been covered by the plan. The plaintiff was unable to locate comparable employment in the area and has become a truck driver.

15. The defendant's violation of the ADEA and the FMLA were intentional, willful, and malicious. The plaintiff is entitled to recover lost wages, expenses of his retraining, medical expenses, lost employment benefits, and front pay. He is entitled to an award of liquidated damages under either the ADEA or, alternately, under the FMLA.

16. The plaintiff has filed administrative age discrimination charges with the EEOC and has received his right-to-sue letter.

WHEREFORE, THE PLAINTIFF DEMANDS:

1. Judgment against the defendant for all monetary relief to which

he is entitled under the ADEA, including lost wages and benefits, salary differentials, retraining expenses, pre-judgment interest, and liquidated damages.

    2. Judgment against the defendant for all monetary relief to which he is entitled under the FMLA, including lost wages and benefits, salary differentials, re-training expenses, pre-judgment interest, and liquidated damages.

    3. An award of front pay under either the ADEA or the FMLA.

    4. A jury to try his claims.

    5. An award of attorney's fees as the prevailing party.

    6. Such other relief as will make the plaintiff whole.

s/ C. R. DeVault, Jr.
CHARLTON R. DEVAULT, JR.
TN BPR #000428
102 Broad Street
Kingsport, Tennessee
(423) 246-3601
crdevault@charter.net

ATTORNEY FOR THE PLAINTIFF